DJW/2

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| EAGLE WELL SERVICE INC., ) <br> d/b/a BRONCO ENERGY SERVICES, ) <br> ) <br> Plaintiff, ) <br> ) Case No. 08-2184-CM-DJW <br> v. ) <br> ) <br> CENTRAL POWER SYSTEMS & ) <br> SERVICES INC., ) <br> ) <br> Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion to Overrule Objections and to Compel Production of Documents (doc. 49). Defendant seeks an order from this Court overruling Plaintiff's objections to Defendant's First Request for Production of Documents and requiring Plaintiff to respond to Defendant's First Request for Production of Documents. For the reasons set forth below, Defendant's Motion is denied without prejudice.

**A.   Duty to Confer**

Before considering the merits of Defendant's Motion, the Court must first determine whether Defendant has complied with the conference requirements of the Federal Rules of Civil Procedure and the Rules of Practice and Procedure for the United States District Court for the District of Kansas.

Fed. R. Civ. P. 37(a)(1) provides, in pertinent part, "[A] party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or

discovery in an effort to obtain it without court action."[1]  Under Fed. R. Civ. P. 37, the movant is required "to make a good faith attempt to resolve the discovery dispute [] before filing a motion to compel discovery responses."[2]  In addition, D. Kan. Rule 37.2 requires the movant to confer or make a "reasonable effort to confer with opposing counsel concerning the matter in dispute prior to the filing of the motion."[3]  D. Kan. Rule 37.2 makes it clear that "[a] 'reasonable effort to confer' means more than mailing or faxing a letter to the opposing party.  It requires that the parties in good faith converse, confer, compare views, consult and deliberate, or in good faith attempt to do so."[4]

The purpose of Fed. R. Civ. P. 37(a)(1) and D. Kan. Rule 37.2 is to "encourage resolving discovery disputes without judicial involvement."[5]  In determining whether the moving party has satisfied its duty to "meet and confer," the Court "looks beyond the sheer quantity of contacts.  It examines their quality as well."[6]  The court in *Cotracom Commodity Trading Co. v. Seaboard Corp.* summarized the analysis of the moving party's "meet and confer" attempts well:

> When the dispute involves objections to requested discovery, parties do not satisfy the conference requirements simply by requesting or demanding compliance with the requests for discovery. The parties need to address and discuss the propriety of asserted objections. They must deliberate, confer, converse, compare views, or consult with a view to resolve the dispute without judicial intervention. They must make genuine efforts to resolve the dispute by determining precisely what the requesting party is actually seeking; what responsive documents or information the

---

[1] Fed. R. Civ. P. 37(a)(1).

[2] *Lohmann & Rauscher, Inc. v. YKK (U.S.A.), Inc.*, Civ. A. No. 05-2369-JWL, 2007 WL 677726, at *2 (D. Kan. Mar. 2, 2007).

[3] D. Kan. Rule 37.2.

[4] *Id.*

[5] *Cotracom Commodity Trading Co. v. Seaboard Corp.*, 189 F.R.D. 456, 459 (D. Kan. 1999).

[6] *Id.*

discovering party is reasonably capable of producing; and what specific, genuine objections or other issues, if any, cannot be resolved without judicial intervention.[7]

**B.     Analysis**

The Court has reviewed Defendant's Certificate of Compliance with Fed. R. Civ. P. 37 and D. Kan. Rule 37.2 as well as the relevant pleadings.  It appears that Defendant's counsel contacted Plaintiff's counsel by telephone on November 11, 2008, and "attempt[ed] to obtain [P]laintiff's agreement to withdraw its objections without Court action."[8]  Plaintiff's counsel informed Defendant's counsel that he would "take his request under advisement."[9]  On November 21, 2008, Plaintiff's counsel sent a letter to Defendant's counsel stating, "We decline to waive any of our objections to your client's interrogatories or requests for production.  At this time, we are not withholding any documents on the basis of privilege."[10]

According to Plaintiff's counsel, the parties never conversed, conferred, compared views, consulted or deliberated "about any specific request for production or any specific deficiency in [Defendant's] responses."[11]  Defendant's counsel does not deny this, but rather argues that Defendant's counsel "attempted to initiate a dialogue by a telephone call on November 11[,]" and "[P]laintiff should not be permitted to use its own unresponsiveness as a basis to evade what are clearly legitimate discovery requests."[12]

---

[7] *Id.*

[8] Mem. of P. & A. in Supp. of Def.'s Mot. to Overrule Objections and to Compel Produc. of Docs. (doc. 50), 2.

[9] Aff. of C. Russell Woody (doc. 57-5), ¶ 2.

[10] November 21, 2008 Letter (doc. 57-7).

[11] Aff. of C. Russell Woody (doc. 57-5), ¶ 2.

[12] Reply Suggestions in Supp. of Mot. to Overrule Objections and to Compel Produc. of Docs. (doc. 59), 1.

Having reviewed the parties' respective arguments and pleadings, the Court concludes that Defendant's counsel failed to meet and confer with Plaintiff's counsel before filing the Motion as required by Fed. R. Civ. P. 37 and D. Kan. Rule 37.2. Defendant's counsel's request that Plaintiff withdraw its objections and respond to the document requests did not satisfy the conference requirements.[13] Defendant's counsel must confer or make a reasonable effort to confer with Plaintiff's counsel, which requires more than just a single telephone call to Plaintiff's counsel requesting that Plaintiff withdraw its objections. To satisfy the meet and confer requirements, the parties must "in good faith converse, confer, compare views, consult and deliberate, or in good faith attempt to do so."[14]

**C.  Conclusion**

The Court will deny Defendant's Motion without prejudice for failure to satisfy the conference requirements under Fed. R. Civ. P. 37 and D. Kan. Rule 37.2. Defendant's counsel shall confer or make a reasonable effort to confer with Plaintiff's counsel before refiling any motion to compel responses to Defendant's First Request for Production of Documents.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Overrule Objections and to Compel Production of Documents (doc. 49) is denied without prejudice to refiling **within 30 days** of the date of the filing of this Order.  Before refiling a motion to compel responses to Defendant's

---

[13] *See Cotracom*, 189 F.R.D. at 469 ("When the dispute involves objections to requested discovery, parties do not satisfy the conference requirements simply by requesting or demanding compliance with the requests for discovery.").

[14] D. Kan. Rule 37.2

First Request for Production of Documents, Defendant's counsel must confer or make a reasonable effort to confer with Plaintiff's counsel regarding the discovery dispute.

**IT IS SO ORDERED**.

Dated in Kansas City, Kansas on this 2nd day of March 2009.

s/ David J. Waxse  
David J. Waxse  
U.S. Magistrate Judge

cc:   All counsel and *pro se* parties