# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| EAGLE WELL SERVICE, INC. d/b/a )<br>BRONCO ENERGY SERVICES, )<br>)<br>          **Plaintiff,** )<br>)<br>v. )<br>)<br>CENTRAL POWER SYSTEMS & )<br>SERVICES, INC., )<br>)<br>          **Defendant.** )<br>_____ ) | **CIVIL ACTION**<br>**No. 08-2184-CM** |

## MEMORANDUM AND ORDER

Plaintiff Eagle Well Service, Inc. d/b/a Bronco Energy Services brings this lawsuit against defendant Central Power Systems & Services, Inc. This dispute arises from a contract regarding the purchase of engine and transmission units for installation and use on oil and gas well servicing rigs, specifically centering on whether certain items were included in the agreement between the parties. Currently before the court is Plaintiff's Motion to Strike Defenses from Pretrial Order (Doc. 90).

In the pretrial order, defendant asserts four affirmative defenses that it did not assert in its answer or amended answer: (1) failure to reject goods within a reasonable time after their tender; (2) failure to hold and return goods to defendant following their rejection; (3) failure to cooperate with defendant in fulfilling the parties' contract; and (4) unilateral cancellation does not excuse nonperformance. (Doc. 98 at ¶ 7(a).) Plaintiff argues that because defendant did not assert these affirmative defenses in its answers, it cannot include them in the pretrial order. For the following reasons, the court denies plaintiff's motion.

**Legal Standard**

Federal Rule of Civil Procedure 8(c) requires defendant to affirmatively set forth certain enumerated defenses, as well as "any other matter constituting an avoidance or affirmative defense." Generally, in civil cases, failure to plead an affirmative defense results in the waiver of that defense. *Kilgore v. Attorney Gen. of Colo.*, 519 F.3d 1084, 1087 (10th Cir. 2008); *Bentley v. Cleveland County Bd. of County Comm'rs*, 41 F.3d 600, 604 (10th Cir. 1994).  When considering this rule, the court must keep in mind "'the liberal pleading rules established by the Federal Rules of Civil Procedure'" and focus on enforcing the actual purpose of the rule.  *Creative Consumer Concepts, Inc. v. Kreisler*, 563 F.3d 1070, 1076 (10th Cir. 2009) (quoting *Hassan v. U.S. Postal Serv.*, 842 F.2d 260, 263 (11th Cir. 1988)).  "Rule 8(c)'s ultimate purpose is 'simply to guarantee that the opposing party has notice of any additional issue that may be raised at trial so that he or she is prepared to properly litigate it.'"  *Id.* (quoting *Hassan*, 842 F.2d at 263).  When a party has notice of the affirmative defense, or the failure to plead the defense does not otherwise prejudice the plaintiff, the court may hear evidence on the defense.  *Id.*

The Tenth Circuit Court of Appeals has held, that in certain circumstances, affirmative defenses may be asserted for the first time in pretrial orders and motions for summary judgment. *See, e.g., Ball Corp. v. Xidex Corp.*, 967 F.2d 1440, 1441–42 (10th Cir. 1992) (finding affirmative defense was properly litigated at trial when the plaintiff had notice that the defendant was raising the issue at least three months prior to trial and the defense was addressed in summary judgment); *Marino v. Otis Eng'g Corp.*, 839 F.2d 1404, 1406 (10th Cir. 1988) (finding a court could allow testimony on an affirmative defense when the plaintiff was advised of the defense at least three months before trial and the issues were repeatedly raised in the depositions).

**Discussion**

The parties dispute (1) whether the defenses at issue are affirmative defenses and (2) whether plaintiff will be prejudiced if defendant asserts the defenses in the pretrial order.

The court will first consider whether these defenses are affirmative defenses. An affirmative defense is a defense that does not controvert the establishment of the plaintiff's prima facie case, but asserts some legal reason why the plaintiff cannot recover on the claim. 61A Am. Jur. 2d *Pleading* § 288 (2009). "It is a defense of avoidance, rather than a defense in denial." *Id.* None of the defenses at issue—failure to reject goods within a reasonable time after their tender; failure to hold and return goods to defendant following their rejection; failure to cooperate with defendant in fulfilling the parties' contract; or unilateral cancellation does not excuse nonperformance—controvert plaintiff's *prima facie* breach of contract claim. Defendant argues that these defenses negate plaintiff's contention that defendant breached the contract by providing nonconforming goods. But, in fact, these defenses do not negate the alleged breach; they simply provide excuses or legal justifications for the breach. Thus, the defenses are affirmative in nature.

Next, the court considers the prejudice to plaintiff. Plaintiff argues that it will be prejudiced if defendant is allowed to assert these defenses in the pretrial order because plaintiff was unable to conduct discovery on the defenses due to defendant's late disclosure. Defendant argues that plaintiff will not be prejudiced because the defenses were disclosed five months before trial. Although the defenses were disclosed five months prior to the trial, plaintiff was unable to conduct discovery on the defenses. During discovery, plaintiff specifically requested that defendant present for deposition a corporate representative to discuss the factual basis of defendant's affirmative defenses. Defendant designated Ray Hodson to testify about its affirmative defenses. At Mr. Hodson's deposition, plaintiff deposed him about the affirmative defenses that had been alleged; however,

because defendant had not yet alleged the four defenses at issue, plaintiff did not question Mr. Hodson about them. Defendant did not disclose the defenses until it submitted its proposed pretrial order, at which time discovery was almost closed. By failing to timely disclose the defenses, defendant denied plaintiff the opportunity to discover facts and legal issues regarding the defenses. But the court finds that defendant should be allowed to assert defenses it alleged at least five months before trial and raised in the pretrial order and its motion for summary judgment. Accordingly, the court will allow defendant to pursue its affirmative defenses at trial, providing plaintiff is given an opportunity to conduct limited discovery on these four affirmative defenses. Defendant shall supplement its discovery responses and all discovery produced to include information requested regarding affirmative defenses no later than September 1, 2009. Further, defendant shall produce a corporate representative for deposition for the limited purpose of allowing plaintiff discovery on these affirmative defenses no later than September 8, 2009.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Strike Defenses from Pretrial Order (Doc. 90) is denied.

**IT IS FURTHER ORDERED** that defendant shall supplement its discovery responses and all discovery produced to include information requested regarding affirmative defenses no later than September 1, 2009. Further, defendant shall produce a corporate representative for deposition for the limited purpose of allowing plaintiff discovery on these affirmative defenses no later than September 8, 2009.

Dated this 28th day of August, 2009 at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**