# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| EAGLE WELL SERVICE, INC. d/b/a ) <br> BRONCO ENERGY SERVICES, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CENTRAL POWER SYSTEMS & ) <br> SERVICES, INC., ) <br> ) <br> Defendant. ) <br> ) | CIVIL ACTION <br> No. 08-2184-CM |

## MEMORANDUM AND ORDER

Plaintiff Eagle Well Service, Inc., d/b/a Bronco Energy Services, brings this lawsuit against defendant Central Power Systems & Services, Inc. This dispute arises from a contract regarding the purchase of engine and transmission units for installation and use on oil and gas well servicing rigs, specifically centering on whether certain items were included in the agreement between the parties. Currently before the court is Defendant's Motion to Strike Purported Expert Witness (Doc. 91), which seeks to strike plaintiff's damage expert, Harry Potter. For the following reasons, the court denies defendant's motion.[1]

---

[1] The parties dispute whether defendant was required to meet and confer with plaintiff before filing this motion. The court need not address this issue because it denies defendant's motion on the merits. But, for future reference, the court points the parties to paragraph 2.g of the pretrial order, which provides that technical objections related to the sufficiency of the written expert disclosures—including whether all of the information required by Rule 26(a)(2)(B) has been provided—must be filed within 11 days of the report and the filing party must comply with D. Kan. Rule 37.2.

Plaintiff submitted Mr. Potter's expert report on November 24, 2008. Defendant submitted its rebuttal expert report on December 23, 2008. On March 9, 2009, plaintiff submitted Mr. Potter's rebuttal report. After receiving defendant's motion, plaintiff produced the documents Mr. Potter relied upon in his report that were not previously produced. At plaintiff's suggestion, Mr. Potter's deposition was rescheduled to allow defendant time to review the additional documents plaintiff produced. Defendant deposed Mr. Potter on May 19, 2009.

Defendant requests that the court strike Mr. Potter's report pursuant to Federal Rule of Civil Procedure 37(c)(1), arguing that Mr. Potter's report does not meet the requirements of Rule 26(a)(2). Defendant argues that Mr. Potter's report does not meet the requirements of Rule 26(a)(2) because it is based upon (1) speculative and tentative opinions with no explanation of the basis and reasons for the opinions and (2) documents not produced in discovery. Defendant further argues that if the court does not strike Mr. Potter's report, it runs the risk that defendant will be ambushed at trial.

Under Rule 26(a), an expert's report must contain the following:

> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
> (ii) the data or other information considered by the witness in forming them;
> (iii) any exhibits that will be used to summarize or support them;
> (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
> (v) a statement of compensation to be paid for the study and testimony in this case.

Fed. R. Civ. P. 26(a)(2)(B). The purpose of these disclosures is to allow "the opposing party a reasonable opportunity to prepare for effective cross-examination and perhaps arrange for expert testimony from other witnesses." *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 953 (10th Cir. 2002) (quotation omitted). When the requirements of Rule 26(a) are not met, the offending party is prohibited from using the witness unless the failure was substantially justified or harmless. Fed. R.

Civ. P. 37(c)(1). To determine whether the admission of the expert opinion is justified or harmless the court looks to the following factors: (1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness. *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999).

After reviewing the record, the court finds that it is unnecessary to strike Mr. Potter or his report.  Even if Mr. Potter's November 2008 report was incomplete under Rule 26(a), defendant will not be harmed by Mr. Potter's report or his testimony.  When plaintiff was alerted to the deficiencies in Mr. Potter's report and that it had not produced all of the documents he relied upon, plaintiff filed a rebuttal report and produced the documents.  Additionally, plaintiff contacted defendant and offered to reschedule Mr. Potter's deposition to allow defendant time to review the newly-produced documents.  Defendant had Mr. Potter's rebuttal report in March 2009, received the additional documents in April 2009, and deposed Mr. Potter in May 2009.  Plaintiff has cured any insufficiencies contained in Mr. Potter's November 2008 report and has not acted in bad faith.  Further, defendant has had ample time to conduct discovery and prepare a defense to Mr. Potter's opinion, including preparing for effective cross-examination.  In fact, defendant has designated a rebuttal expert. Moreover, Mr. Potter's testimony will not disrupt the trial.  Accordingly, the court does not believe that defendant will be ambushed at trial if Mr. Potter is allowed to testify.  The court finds that any insufficiencies in Mr. Potter's November 2008 report were harmless.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Strike Purported Expert Witness (Doc. 91) is denied.

Dated this 1st day of September, 2009 at Kansas City, Kansas.

-4-

        **s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**