**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **EAGLE WELL SERVICE, INC. d/b/a** )<br>**BRONCO ENERGY SERVICES,** )<br>) <br>  **Plaintiff,** )<br>)<br>v. )<br>)<br>**CENTRAL POWER SYSTEMS &** )<br>**SERVICES, INC.,** )<br>)<br>  **Defendant.** )<br>) | **CIVIL ACTION**<br>**No. 08-2184-CM** |

**MEMORANDUM AND ORDER**

Plaintiff Eagle Well Service, Inc. d/b/a Bronco Energy Services brings this lawsuit against defendant Central Power Systems & Services, Inc. This dispute arises from a contract regarding the purchase of engine and transmission units for installation and use on oil and gas well servicing rigs, specifically centering on whether certain items were included in the agreement between the parties. Currently before the court is Plaintiff's (I) Unopposed Motion to Continue Trial; (II) Opposed Motion to Permit Plaintiff to Conduct Additional Discovery; and (III) Opposed Motion to Permit Plaintiff [to] Amend Pretrial Filings (Doc. 156).

This motion stems from the court denying plaintiff's motion to strike four affirmative defenses that defendant did not assert in its answer or amended answer: (1) failure to reject goods within a reasonable time after their tender; (2) failure to hold and return goods to defendant following their rejection; (3) failure to cooperate with defendant in fulfilling the parties' contract; and (4) unilateral cancellation does not excuse nonperformance. After considering plaintiff's motion, the parties' arguments, and the record, the court determined that defendant could pursue its

affirmative defenses at trial, providing plaintiff is given an opportunity to conduct discovery on the four affirmative defenses.

The court ordered defendant to supplement its discovery responses and produce a corporate representative for deposition for the limited purpose of allowing plaintiff discovery on these affirmative defenses.  The court expected defendant to update its responses to all discovery requests—Requests for Admission, Request for Documents, and Interrogatories, for example—to incorporate information on the newly asserted affirmative defenses.  Pursuant to the court's order, defendant filed a supplemental disclosure that identified Mark Oehmke as an individual likely to have information about the affirmative defenses.   Defendant also produced Mr. Oehmke for deposition; however, Mr. Oehmke could not recall relevant information.

The purpose of allowing the additional discovery was to provide plaintiff with a fair opportunity to prepare a defense on the newly raised affirmative defenses.  Based on the record before the court, it appears plaintiff has not had that opportunity.  Defendant did not file any updated discovery responses, other than the one mentioned above, and the witness produced by defendant had little knowledge about the affirmative defenses.  Because defendant did not update it's discovery responses to include information about these defenses, the court is left to believe one of two things: either (1) defendant did not go back and update the discovery previously served by plaintiff or (2) plaintiff did not ask questions or solicit information regarding these defenses in it's original discovery requests because it did not know it needed to.  Either way, allowing defendant to assert these affirmative defenses without providing plaintiff with a meaningful opportunity to defend against the defenses would prejudice plaintiff.  The court has reviewed the briefs and evidence, and finds that under the circumstances of this case, limited discovery on the four newly asserted

affirmative defenses is appropriate. Therefore, the court grants plaintiff's motion to continue and for additional discovery. Whether the pretrial filings need to be amended depends on the information learned during discovery. Accordingly, plaintiff's request to amend its pretrial filings is denied without prejudice.

Rather than leaving the motions in limine pending and ordering supplementation, the court will deny without prejudice the motions. It is likely that the parties will want to supplement and/or alter their arguments based on the outcome of discovery. The parties may file new motions in limine following the close of the limited discovery approved in this Order. The magistrate judge will schedule the limited discovery and rule on any issues governing discovery.

**IT IS THEREFORE ORDERED** that Plaintiff's (I) Unopposed Motion to Continue Trial; (II) Opposed Motion to Permit Plaintiff to Conduct Additional Discovery; and (III) Opposed Motion to Permit Plaintiff [to] Amend Pretrial Filings (Doc. 156) is granted in part and denied without prejudice in part. The parties may conduct limited discovery on the four affirmative defenses, to be scheduled by the magistrate judge.

Dated this 21st day of September, 2009 at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**