# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

EAGLE WELL SERVICE INC., )
d/b/a BRONCO ENERGY SERVICES )
)
)
Plaintiff, )
) Case No. 08-2184-CM
v. )
)
CENTRAL POWER SYSTEMS & )
SERVICES INC )
)
)
Defendant. )

## MEMORANDUM & ORDER

This matter is before the Court on four motions filed by Plaintiff:

1. Plaintiff's Motion to Compel or Motion to Strike Affirmative Defenses; Brief in Support (doc. 178),

2. Plaintiff's Motion to Reconsider; Brief in Support (doc. 182),

3. Plaintiff's (I) Motion to Amend Pretrial Order and Rule 26 Expert Witness Disclosure; (II) Request for Expedited Response; and (III) Brief in Support (doc. 196), and

4. Plaintiff's Motion for Leave to Take Deposition Pursuant to Rule 30(b)(6) Fed. R. Civ. P.; Brief in Support; Request for Expedited Response (doc. 199).

In ruling on these Motions the Court keeps in mind the directive of Fed. R. Civ. P. 1 which states that the Federal Rules of Civil Procedure "should be construed and administered to secure the just,

speedy, and inexpensive determination of every action and proceeding."[1]  With this directive in mind, the Court turns to the particular facts of this case.

**I.     BACKGROUND**

This case was set for a Final Pretrial Conference before Magistrate Judge David J. Waxse on April 6, 2009.  The parties' proposed pretrial order was due to the Court by March 30, 2009.  On the day the proposed pretrial order was due, Defendant's counsel provided Plaintiff's counsel with a draft pretrial order containing four new affirmative defenses that Defendant had not asserted in its answer or amended answer.  These four new affirmative defenses are: (1) failure to reject goods within a reasonable time after their tender, (2) failure to hold and return goods to Defendant following their rejection, (3) failure to cooperate with Defendant in fulfilling the parties' contract, and (4) unilateral cancellation does not excuse nonperformance.  Plaintiff's counsel objected to the inclusion of these four new affirmative defenses in the pretrial order and inserted its objection in the proposed pretrial order.  During the Final Pretrial Conference held on April 6, 2009, Magistrate Judge Waxse instructed Plaintiff's counsel to remove the objection in the proposed pretrial order and, if Plaintiff sought to remove the four new affirmative defenses from the pretrial order, to file an appropriate motion to strike.  The Pretrial Order (doc. 98) was entered on April 24, 2009 and included the four new affirmative defenses.

On April 13, 2009, Plaintiff filed its Motion to Strike Defenses from Pretrial Order (doc. 90).  After considering Plaintiff's motion to strike and the parties' arguments regarding same, Judge Murguia determined that Defendant could pursue these four affirmative defenses at trial, provided that "Plaintiff [was] given an opportunity to conduct limited discovery on these four affirmative

---

[1] Fed. R. Civ. P. 1.

defenses."[2] Judge Murguia ordered Defendant to "supplement its discovery responses and all discovery produced to include information requested regarding affirmative defenses no later than September 1, 2009."[3] Judge Murguia further ordered Defendant to "produce a corporate representative for deposition for the limited purpose of allowing [P]laintiff discovery on these affirmative defenses no later than September 8, 2009."[4] Judge Murguia then moved the trial date to September 28, 2009 (*see* doc. 149).

Plaintiff, unable to obtain the necessary discovery, filed a motion seeking to continue the trial, to permit Plaintiff to conduct additional discovery, and to permit Plaintiff to amend its pretrial filings.[5] Judge Murguia then entered a Memorandum and Order (doc. 162) granting in part and denying in part Plaintiff's motion. In doing so, Judge Murguia explained that the goal of his earlier order allowing discovery on the four new affirmative defenses had not been achieved:

> The purpose of allowing the additional discovery was to provide [P]laintiff with a fair opportunity to prepare a defense on the newly raised affirmative defenses. Based on the record before the court, it appears [P]laintiff has not had that opportunity. . . . [A]llowing [D]efendant to assert these affirmative defenses without providing [P]laintiff with a meaningful opportunity to defend against the defenses would prejudice [P]laintiff. The court has reviewed the briefs and evidence, and finds that under the circumstances of this case, limited discovery on the four newly asserted affirmative defenses is appropriate.[6]

---

[2] Mem. & Order (doc. 141) at 4.

[3] *Id.*

[4] *Id.*

[5] Pl.'s (I) Unopposed Mot. to Continue Trial; (II) Opposed Mot. to Permit Pl. to Conduct Additional Disc.; and (III) Opposed Motion to Permit Pl. Amend Pretrial Filings (doc. 156).

[6] Mem. & Order (doc. 162) at 2-3.

Judge Murguia granted Plaintiff's request to continue the trial and to conduct additional discovery and instructed Magistrate Judge Waxse to schedule the discovery on the four new affirmative defenses and rule on any issues governing discovery.

Pursuant to Judge Murguia's Memorandum and Order (doc. 162), Magistrate Judge Waxse held a telephone conference on September 28, 2009 to schedule the discovery on the four new affirmative defenses. Magistrate Judge Waxse gave the parties until December 31, 2009 to complete the discovery allowed by Judge Murguia's Memorandum and Order (doc. 162) and set the trial for January 4, 2010.

Plaintiff then filed its Notice of Subpoena for Production of Documents (doc. 169), which states that Plaintiff has caused or will cause a subpoena duces tecum to be served on National Oilwell Varco, L.P. for certain documents to be produced on November 16, 2009. The subpoena duces tecum was issued by the United States District Court for the Northern District of Texas.

Defendant filed a motion (doc. 170) seeking an order directing Plaintiff to withdraw its subpoena duces tecum issued to National Oilwell Varco, L.P. on the grounds that the subpoena was outside the scope of discovery permitted by Judge Murguia's Memorandum and Order (doc. 162). The Court construed Defendant's motion as one seeking a protective order under Fed. R. Civ. P. 26(c), granted Defendant's motion, and prohibited Plaintiff from obtaining the discovery sought from National Oilwell Varco, L.P. in the subpoena.

Each of Plaintiff's pending Motions stem from Judge Murguia's Memorandum and Order (doc. 169) allowing Plaintiff to conduct additional discovery concerning Defendant's four new affirmative defenses. Plaintiff's motion to compel (doc. 178) asks the Court to compel Defendant to respond to certain interrogatories and requests for production of documents. Defendant objected

4

to responding to these interrogatories and requests for production on the grounds, *inter alia*, that they exceed the scope of discovery permitted by Judge Murguia's Memorandum and Order (doc. 169).

Plaintiff's motion for reconsideration (doc. 182) asks the Court to reconsider its Order (doc. 176) granting Defendant's motion (doc. 170) and entering a protective order prohibiting Plaintiff from obtaining the discovery sought from National Oilwell Varco, L.P. in the subpoena issued by the United States District Court for the Northern District of Texas. In ruling on Defendant's motion (doc. 170), the Court looked to the Pretrial Order (doc. 98) to assist in its analysis and determination of what discovery is relevant to Defendant's four new affirmative defenses.

Plaintiff then filed a motion seeking leave to amend the Pretrial Order (doc. 98) and to amend its expert disclosures under Fed. R. Civ. P. 26(a)(2) (doc. 196). Plaintiff argues that it should not be held to the terms and provisions found in the Pretrial Order because Plaintiff's counsel did not have sufficient time to learn the relevant law concerning the four new affirmative defenses and to draft a proposed pretrial order that accurately reflected the issues raised by the four new affirmative defenses. Plaintiff also argues that the recent discovery has revealed the need to supplement its expert's opinions.

Finally, Plaintiff filed a motion seeking leave to conduct another deposition of Defendant pursuant to Fed. R. Civ. P. 30(b)(6) (doc. 199). Plaintiff argues that it should be entitled to conduct this deposition because the recent round of discovery on the four new affirmative defenses has demonstrated the need for such a deposition.

For reasons that will soon be clear, the Court will address Plaintiff's motion to amend the Pretrial Order (doc. 98) first.

5

**II. MOTION TO AMEND PRETRIAL ORDER AND RULE 26 EXPERT DISCLOSURES (doc. 196)**

Under Fed. R. Civ. P. 16(e), the court may amend a final pretrial order "only to prevent manifest injustice."[7] "The party moving to amend the order bears the burden to prove the manifest injustice that would otherwise occur."[8] In considering a motion to amend a final pretrial order, the court bears in mind that "[t]he purpose of the pretrial order is to 'insure the economical and efficient trial of every case on its merits without chance or surprise.'"[9] The decision to modify a final pretrial order lies within the court's sound discretion.[10] When deciding whether to allow the modification of a final pretrial order, the court should consider the following factors: "(1) prejudice or surprise to the party opposing trial of the issue; (2) the ability of that party to cure any prejudice; (3) disruption to the orderly and efficient trial of the case by inclusion of the new issue; and (4) bad faith by the party seeking to modify the order."[11] The court's paramount concern must be "the full and fair litigation of claims."[12]

Having considered the facts in this case, it appears to the Court that the full and fair litigation of claims can be obtained by allowing Plaintiff to amend the Pretrial Order. There is no surprise to Defendant, as it is the Defendant that sought to include the four new affirmative defenses on the

---

[7] Fed. R. Civ. P. 16(e).

[8] *Davey v. Lockheed Martin Corp.*, 301 F.3d 1204, 1208 (10th Cir. 2002) (citations omitted).

[9] *Id.* (quoting *Hull v. Chevron U.S.A., Inc.*, 812 F.2d 584, 588 (10th Cir. 1987)).

[10] *Id.* (citations omitted).

[11] *Koch v. Koch Indus., Inc.*, 203 F.3d 1202, 1222 (10th Cir. 2000) (citations omitted).

[12] *Joseph Mfg. Co. v. Olympic Fire Corp.*, 986 F.2d 416, 420 (10th Cir. 1993).

same day that the parties' proposed pretrial order was due to the Court. In addition, the Court concludes that any prejudice to Defendant can be overcome by opening up general discovery. In reaching this conclusion, the Court relies on the mandate of Fed. R. Civ. P. 1 that the Federal Rules of Civil Procedure "be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding."[13] Ever since Judge Murguia entered his Memorandum and Order (doc. 162) the parties have done nothing but fight over exactly what discovery is permitted. This fight has caused a slew of motions and has placed the Court in the position of a referee trying to decide whether the ball landed on the inside or the outside of the line drawn by Judge Murguia. The Court concludes that the most efficient and cost effective solution is to open up general discovery and to set a new schedule for discovery, expert disclosures (including rebuttal expert disclosures), and a pretrial conference and trial date.

Further, allowing modification of the Pretrial Order will not disrupt the orderly and efficient trial of this case. This action has already been disrupted by the parties' ongoing dispute concerning Judge Murguia's Memorandum and Order (doc. 162) and the discovery permitted by that order. So much so that the trial date has been moved several times and was eventually vacated until the Court could address the parties' dispute. Finally, the Court finds no reason to believe that Plaintiff seeks to amend the Pretrial Order in bad faith. Rather, the request for an amendment stems from the need to properly address Defendant's four new affirmative defenses.

The Court concludes that the full and fair litigation of the claims in this case, as well as the just, speedy and inexpensive determination of this action, can be achieved by allowing the parties to conduct general discovery and by setting a new schedule for discovery, expert disclosures

---

[13] Fed. R. Civ. P. 1.

(including rebuttal expert disclosures), and a pretrial conference and trial date. The Court will therefore exercise its discretion and grant in part Plaintiff's motion to amend the pretrial order and its expert disclosures. The Court will not amend the pretrial order at this time, but rather will vacate the Pretrial Order (doc. 98). In addition, the Court will schedule a telephone conference with the parties to determine new deadlines for discovery and expert disclosures, and to schedule a pretrial conference and select a trial date.

### III. PLAINTIFF'S REMAINING MOTIONS

Having granted in part Plaintiff's motion to amend the pretrial order and its expert disclosures, the Court turns to Plaintiff's remaining motions.

*1. Plaintiff's Motion for Reconsideration (doc. 182)*

Plaintiff seeks reconsideration of the Court's Order (doc. 176) granting Defendant's motion (doc. 170) and entering a protective order prohibiting Plaintiff from obtaining the discovery sought from National Oilwell Varco, L.P. in the subpoena issued by the United States District Court for the Northern District of Texas. The Court relied on the terms and provisions of the Pretrial Order (doc. 98) in concluding that Plaintiff was not entitled to the subpoenaed information.

Whether to grant or deny a motion for reconsideration is committed to the court's discretion.[14] In light of the Court's ruling on Plaintiff's motion to amend the pretrial order and its expert disclosures, the Court will exercise its discretion and grant Plaintiff's motion for reconsideration. Because the Court has opened up general discovery and thereby removed any limit on discovery found in Judge Murguia's Memorandum and Order (doc. 162), the Court denies

---

[14] *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1386 (10th Cir. 1997) (citations omitted).

8

Defendant's motion (doc. 170) seeking to prohibit Plaintiff to obtain the subpoenaed information from National Oilwell Varco, L.P.

### 2. *Plaintiff's Motion to Compel (doc. 178)*

Plaintiff's motion to compel seeks to compel Defendant to respond to several interrogatories and requests for production of documents. The parties' arguments concerning this motion focused on whether the discovery fell within the scope of discovery permitted by Judge Murguia in his Memorandum and Order (doc. 162). In light of the Court's decision to open general discovery, the Court will deny the motion to compel without prejudice. Further, the Court hereby overrules any objection by Defendant to the interrogatories and requests for production on the grounds that they exceed the scope of discovery permitted by the Court.

### 3. *Plaintiff's Motion for Leave to Conduct Rule 30(b)(6) Deposition (doc. 199)*

Plaintiff seeks leave to conduct a deposition of Defendant pursuant to Fed. R. Civ. P. 30(b)(6). In light of the Court's decision to open general discovery, the Court grants Plaintiff's motion. The parties shall work together to schedule the Rule 30(b)(6) deposition at mutually agreeable date, time and location.

## IV. CONCLUSION

For the reasons set forth above, the Court holds as follows:

1. Plaintiff's (I) Motion to Amend Pretrial Order and Rule 26 Expert Witness Disclosure; (II) Request for Expedited Response; and (III) Brief in Support (doc. 196) is granted in part and denied in part.

2. Plaintiff's Motion to Reconsider; Brief in Support (doc. 182) is granted.

3. Plaintiff's Motion to Compel or Motion to Strike Affirmative Defenses; Brief in Support (doc. 178) is denied without prejudice.

4. Plaintiff's Motion for Leave to Take Deposition Pursuant to Rule 30(b)(6) Fed. R. Civ. P.; Brief in Support; Request for Expedited Response (doc. 199) is granted.

**IT IS THEREFORE ORDERED** that Plaintiff's (I) Motion to Amend Pretrial Order and Rule 26 Expert Witness Disclosure; (II) Request for Expedited Response; and (III) Brief in Support (doc. 196) is granted in part and denied in part. The Court will not amend the pretrial order at this time, but rather hereby VACATES the Pretrial Order (doc. 98). The Court will schedule a telephone conference with the parties to discuss new deadlines for discovery and expert disclosures, and to schedule a pretrial conference and select a trial date.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Reconsider; Brief in Support (doc. 182) is granted and the Court VACATES its Order (doc. 176) granting Defendant's motion [170]. In addition, the Court hereby denies Defendant's motion (doc. 170) seeking to prohibit Plaintiff from obtaining the subpoenaed information from National Oilwell Varco, L.P.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Compel or Motion to Strike Affirmative Defenses; Brief in Support (doc. 178) is denied without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to Take Deposition Pursuant to Rule 30(b)(6) Fed. R. Civ. P.; Brief in Support; Request for Expedited Response (doc. 199) is granted.

**IT IS SO ORDERED**.

Dated in Kansas City, Kansas on this 27th day of May 2010

s/ David J. Waxse
David J. Waxse
U.S. Magistrate Judge

cc: All counsel and *pro se* parties